In the Matter of the Claim of GEORGE BERGESTED, Respondent, against PETER F. CONNOLLY Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Peter F. Connolly Co., employer, and its carrier, and George H. Flinn Corp., another employer, and its carrier, both appeal from a decision of the Workmen's Compensation Board. It is undisputed that claimant suffered a disability from caisson disease and no issue is raised as to the right of compensation. The sole issue is concerned with the method of apportionment of the award. Claimant worked in compressed air a total of 458 days between November 20, 1938 and May 16, 1950. He worked for Connolly only one day, May 16, 1950. Because Connolly was the last employer they were liable for the total compensation but applied for apportionment under section 44 of the Workmen's Compensation Law. The referee apportioned the award among three employers, Connolly, Flinn and Walsh Construction Co., in proportion to the number of days claimant was employed by each working in compressed air. On appeal the board discharged Walsh, whose employment of claimant was all prior to July 1, 1946, from any liability; Flinn was released from liability for any employment of claimant prior to July 1, 1946, and the award was apportioned against Flinn and Connolly in proportion to the number of days of employment by each subsequent to July 1, 1946. Appellant Connolly contends that the award should be apportioned against all employers in proportion to the number of days of employment by each. Flinn as an appellant contends that the apportionment against it is not sustained by evidence, and further, that more than 12 months elapsed between the date of the last exposure in Flinn's employment and the date of the disability. The latter contention cannot be sustained, because section 40 of the Workmen's Compensation Law expressly excludes cases of compressed air illness from the 12-month limitation. We have considered the question of apportionment under very similar circumstances in *Matter of Gallagher* v. *Senior, Palmer & Connolly* (4 A D 2d 898). An amendment to section 47 of the Workmen's Compensation Law (L. 1946, ch. 642), provided: "Any exposure to the hazards of compressed air, after July first, nineteen hundred forty-six shall be presumed, in the absence of substantial evidence to the contrary, to be injurious exposure." This amendment, however, does not affect exposures prior to July 1, 1946, nor preclude evidence that such exposure was injurious, calling for a determination as a question of fact. While there is some medical evidence in this record that the one day's exposure while claimant was in

the employ of Connolly resulted in claimant's ultimate disability, it is obvious that the board rejected such testimony because it also held Flinn liable for employment subsequent to July 1, 1946. The record also contains medical evidence that all exposures, including employment prior to July 1, 1946, were injurious and contributed to the disability. The board has found that Connolly "has not established injurious exposure in compressed air in employment prior to July 1, 1946." Such a finding is unsatisfactory. Where there is evidence that such prior exposure was injurious we think the board should make a square decision of the question of fact. The award is reversed and the matter remitted to the Workmen's Compensation Board, with costs to appellant Peter F. Connolly Co. and Liberty Mutual Insurance Company against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.